IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,753-01






EX PARTE KENYON DEMAR HURD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 13792 IN THE 344TH DISTRICT COURT


FROM CHAMBERS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of manslaughter and
sentenced to thirty-five years' imprisonment. The First Court of Appeals affirmed his conviction.
Hurd v. State, No. 01-06-00579-CR (Tex. App.-Houston [1st Dist.] Dec. 20, 2007) (unpublished). 

 Applicant contends that his trial counsel rendered ineffective assistance because he did not
investigate or present mitigation witnesses at the punishment phase of trial. The habeas record
contains statements from friends and family who wanted to testify on Applicant's behalf at
punishment. 

 Applicant has alleged facts that, if true, might entitle him to relief. Wiggins v. Smith, 539
U.S. 510 (2003); Strickland v. Washington, 466 U.S. 668 (1984). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact. The trial court shall obtain a response
from Applicant's trial counsel addressing Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. If
necessary, the trial court shall make specific findings addressing the credibility of the unsigned
statements in the habeas record. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: January 11, 2012

Do not publish